**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 2:12-CR-3-7- JRG-RSP |
| | § | |
| ADRIAN DEMOND NOEL | § | |

**REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

On February 7, 2018, the undersigned held a final hearing on the Government's petition (#628) to revoke supervised release. The Government was represented by Assistant United States Attorney Nathaniel Kummerfeld. The Defendant, Adrian Demond Noel, was represented by Ken Hawk.

Adrian Demond Noel was sentenced on August 7, 2012, before The Honorable U.S. District Judge Rodney Gilstrap of the Eastern District of Texas – Marshall Division, after pleading guilty to the offense of Possession of a List 1 Chemical with Intent to Manufacture Methamphetamine, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 25 and a criminal history category of II, was 63 to 78 months. Adrian Demond Noel was subsequently sentenced to 68 months imprisonment and 3 years supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure and substance abuse testing/treatment. On December 24, 2015, Adrian Demond Noel completed his period of imprisonment and began service of the supervision term.

On January 9, 2018, this petition to revoke was filed. In its petition, the Government alleges the Defendant violated the following conditions:

1) <u>Mandatory:</u>  The defendant shall not commit another federal, state, or local crime.  Specifically, the Government alleges as follows:  On December 26, 2015, the defendant was arrested for Driving While Intoxicated.  On July 13, 2016, the defendant was convicted of a lesser charge of Obstructing a Roadway.

2) <u>Standard:</u>  The Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.  Specifically, the Government alleges as follows:  On February 28, 2017, the defendant tested positive for cocaine.  The defendant admitted to using cocaine and also marijuana.

3) <u>Special:</u>  You shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of U.S. Probation office, until such time as the defendant is released from the program by the probation officer.  Specifically, the Government alleges as follows:  The defendant failed to appear for random drug testing on the following dates:  June 16, 2016; August 17, 2016; October 27, 2016; December 19, 2016; October 24, 2017; December 12, 2017 and December 18, 2017.

4) <u>Special:</u>  The Defendant shall abstain from the use of alcohol.  Specifically, the Government alleges as follows:  The defendant admitted he consumed alcohol on January 4, 2018.

The Court scheduled a revocation hearing for February 7, 2018.  At the hearing on the Government's petition, and after consenting to the undersigned taking the plea, the Defendant pled true to allegation #3 as set forth above.  Based on the Defendant's plea of true to the

allegation, and with no objection by the Defendant or the Government, the undersigned found that the Defendant did violate conditions of his supervised release, as alleged in the U.S. Probation Office's petition.

The undersigned thereafter recommended that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for four months, with no supervised release to follow such term of imprisonment. The Defendant shall receive credit for time served. The Court recommended service of sentence at FCI Texarkana. Based on the foregoing, it is

**RECOMMENDED** that the Defendant's plea of true to allegation #3, as set forth in the Government's petition, be **ACCEPTED**. Based upon the Defendant's plea of true to the allegation, it is further recommended that the Court find that the Defendant violated the conditions of his supervised release. It is further

**RECOMMENDED** that the Defendant's supervised release be **REVOKED**. It is further **RECOMMENDED** that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of four months, with no supervised release to follow such term of imprisonment. The Defendant shall receive credit for time served. The Court recommended service of sentence at FCI Texarkana.

At the close of the February 7, 2018 revocation hearing, Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein and to the imposition of the above sentence. Defendant also waived his right to be present and speak before the District Judge imposes the recommended sentence. Therefore, the Court may act on the findings and recommendation

immediately.

**SIGNED this 7th day of February, 2018.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE